UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 3: 09-03-DCR |
| Plaintiff, ) | and |
| ) | Civil Action No. 3: 16-43-DCR |
| V. ) | |
| ) | |
| CALVIN R. MORGAN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Calvin Morgan's motion to vacate his sentence under 28 U.S.C. § 2255. [Record No. 79] Morgan pleaded guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), discharging a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and possession of a firearm as an illegal user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). [Record No. 24] He was sentenced to a 201-month term of imprisonment on July 14, 2009, followed by five years of supervised release. [Record No. 35]

Morgan appealed his sentence, arguing that the Court erred in enhancing his sentence due to an improper cross-reference under the United States Sentencing Guidelines ("U.S.S.G.") to attempted murder and by impermissibly double counting his act of discharging the firearm. [Record No. 33] The Sixth Circuit vacated the sentence and remanded the case for resentencing. [Record No. 53] On November 20, 2012, Morgan was re-sentenced to a 174-month term of imprisonment, followed by five years of supervised release. [Record No. 64] Morgan again appealed his sentence, but the Sixth Circuit affirmed. [Record No. 71] The

United States Supreme Court denied to issue Morgan a writ of certiorari on November 10, 2014. [Record No. 74]

On June 27, 2016, Morgan filed the present motion to vacate his sentence under 28 U.S.C. § 2255, asserting that he was improperly sentenced as an armed career criminal under 18 U.S.C. § 924(c)(1)(A). [Record No. 79, p. 2] For the reasons discussed below, Morgan's motion will be denied.[1]

**I.**

The facts supporting Morgan's guilty plea are outlined in paragraph six of his Plea Agreement, which provides:

> During November, 2008, Shelbyville Detectives received information from multiple informants that Morgan was selling drugs and had displayed firearms while selling drugs. Police executed a state search warrant at Morgan's residence on November 20, 2008. When officers knocked and announced their presence they received no response. They broke down the door and once inside continued to shout that they were the police. When they approached the doorway of the bedroom two shots were fired from the bedroom. One round caused wood and drywall to hit one of the officers in the face and came within an inch of the officer's head. Officers continued to shout police and told occupants to drop the weapon. Morgan and three others were in the bedroom/bathroom area. Morgan admitted he had the firearm and fired it, however, he claimed he thought the police were drug dealers trying to rob him.
>
> Officers searched the residence and found a safe with three baggies of marijuana, assorted ammunition, and scales. The firearm was located under the mattress in the same room. A search of Morgan revealed two baggies of marijuana similar to those in the safe. According to Morgan and the other witnesses present, Morgan sold marijuana. The other two males present at the residence told police they could hear the police shouting police as they came down the hall. They also told police Morgan smoked marijuana almost every

---

[1] Morgan also requests appointment of counsel. [Record No. 79, p. 13] However, he filed a separate motion for appointment of counsel [Record No. 82], which the Court already denied because there is no constitutional right to counsel in habeas proceedings. *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005). [Record No. 84] Further, due process and the best interests of justice do not indicate that counsel should be provided because the issues Morgan raises are clear and can be determined from the record.

> day for the last several months. The suspected marijuana and cocaine base were sent to the Kentucky State Police Laboratory for analysis and determined to be approximately 39.35 grams of marijuana, a Schedule I controlled substance and cocaine residue, a Schedule II controlled substance. The Defendant possessed a quantity of marijuana with the intent to distribute the marijuana. The use and discharge of the firearm was related to the Defendant's drug trafficking activity. The firearm was not manufactured in Kentucky.

[Record No. 32, ¶ 6]

Based on the amount of marijuana involved in the offense, the defendant's base offense level was calculated to be 6. [Record No. 69, p. 23] However, the violation of 18 U.S.C. § 922(g)(3) resulted in a base offense level of 14. [*Id.*] With a two-level decrease for acceptance of responsibility, the total offense level was calculated to be 12. [*Id.*, p. 24] Based on Morgan's criminal history category of II, the non-binding guideline range for imprisonment was 12 to 18 months for the first and third counts and 120 months for the second count.[2] [*Id.*, ¶ 65] The top of the defendant's non-binding guideline range was 138, but the Court varied upward by 36 months because of the egregious circumstances surrounding Morgan's discharge of a firearm when police had announced their presence in his home. [Record No. 66, p. 20−23]

**II.**

A court may grant relief under 28 U.S.C. § 2255 if the defendant establishes that: (i) the sentencing court imposed his sentence in violation of the Constitution or laws of the United States; (ii) the court lacked jurisdiction to impose the sentence; (iii) the sentence imposed exceeded the maximum authorized by law; or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

---

[2] The second count for discharging a firearm during and in relation to a drug trafficking crime carried a ten-year mandatory minimum to run consecutive to the other counts of conviction. *See* 18 U.S.C. § 924(c)(1)(A)(iii). [Record No. 69, p. 1]

A one-year statute of limitation applies to § 2255 motions. 28 U.S.C. § 2255(f). This period runs from the latest of: (i) the date on which judgment of the conviction becomes final; (ii) the date on which any illegal government-created impediment to the motion is removed; (iii) the date on which the right asserted was first recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (iv) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)−(4).

Here, Morgan asserts that his sentence is unconstitutional under the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). [Record No. 79, p. 2] Morgan's conviction became final on November 10, 2014, when the Supreme Court denied to issue him a writ of certiorari. [Record No. 74] Consequently, the deadline for Morgan to file the present motion was November 10, 2015. *See* 28 U.S.C. § 2255(f)(1). However, Morgan argues that his motion is timely because *Johnson* was decided on June 26, 2015, and it applies retroactively to cases on collateral review, as required by 28 U.S.C. § 2255(f)(3). 135 S. Ct. at 2551; *In re Watkins*, 810 F.3d 375, 384 (6th Cir. 2015).

Because *Johnson* is inapplicable here, Morgan's § 2255 motion will be denied. *Johnson* addressed the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii),[3] holding that it violates due process because it is unconstitutionally vague.

---

[3] Defendants who violate 18 U.S.C. § 922(g) and have three previous convictions for a "violent felony" or "serious drug offense" are subject to an enhanced sentence under the ACCA. 18 U.S.C. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

*Johnson*, 135 S. Ct. at 2557.  However, Morgan was not even sentenced under § 924(e); rather, he was sentenced under § 924(c)(1)(A)(iii).  [Record Nos. 69, p. 1; 32, ¶ 10(j)]  He argues that his sentence is invalid because some of the language in § 924(c) corresponds to the language in § 924(e).  [Record No. 79-1, p. 3]

Under 18 U.S.C. § 924(c), a person who uses or carries a firearm during and in relation to any crime of violence or drug trafficking crime receives a term of imprisonment of not less than ten years if the firearm is discharged.  *See* 18 U.S.C. § 924(c)(1)(A)(iii).  The definition for "crime of violence" appears in § 924(c)(3) and resembles the definition for "violent felony" in  § 924(e)(2)(B).  A crime of violence is defined as a felony that:

> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Thus, Morgan contends that *Johnson* invalidated § 924(c)(3)(B), which uses language resembling that of the residual clause in  § 924(e)(2)(B)(ii).  However, the Sixth Circuit has held that § 924(c)(3) is not unconstitutionally vague.  *See United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016) (differentiating the two provisions).  Further, Morgan was not sentenced for discharging a weapon during and in relation to a *crime of violence*—instead, he was sentenced for discharging a firearm during and in relation to a *drug trafficking crime*. [Record No. 66, p. 9]  As a result, even if § 924(c)(3)(B) were unconstitutionally vague,

---

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The italicized portion is known as the "residual clause."

Morgan's sentence under § 924(c)(2) would still be valid. In other words, the holding in *Johnson* does not apply to his sentence.

Because *Johnson* does not apply, the period of limitation did not run from the date on which *Johnson* was decided, but from the date on which Morgan's conviction became final *via* denial of his petition for a writ of certiorari. *See* 28 U.S.C. § 2255(f)(1). Therefore, his motion to vacate is untimely. Morgan has not demonstrated (or even alleged) that he is entitled to equitable tolling. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). As a result, the Court will deny his § 2255 motion as untimely.

Even if the Court were to consider Morgan's motion on the merits, it would still deny the requested relief. As explained in detail above, *Johnson* does not establish that Morgan was sentenced in violation of the Constitution or federal law. *See* 28 U.S.C. § 2255(a).

**III.**

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003) (internal quotation marks and citation omitted); 28 U.S.C. § 2253(c)(2). When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the denial of a § 2255 motion is based on procedural grounds, a Certificate of Appealability will not issue unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Morgan has not demonstrated that reasonable jurists would disagree regarding whether he qualified for the enhancement under 18 U.S.C. § 924(c)(1)(A) for discharging a firearm during and in relation to a drug trafficking crime, or whether *Johnson* applies to his sentence. Further, Morgan cannot show that reasonable jurists would debate whether he has validly stated a constitutional claim. Thus, he is not entitled to a Certificate of Appealability on any of the issues raised in this proceeding. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

Finally, the Court will deny Morgan's request for an evidentiary hearing [Record No. 79-1, p. 8] because the record conclusively shows that he is not entitled to relief. Further, the defendant presents a legal (rather than a factual) dispute. *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). Therefore, an evidentiary hearing is not warranted. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

### IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendant Calvin Morgan's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 79] is **DENIED**.

2. Morgan's motion for appointment of counsel [Record No. 79] is **DENIED**.

3. This matter is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

4. A Certificate of Appealability is **DENIED**.

5. A Judgment in favor of the United States shall issue this date.

- 8 -

This 11th day of July, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge